NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1397, -1398

NATIONAL OILWELL VARCO, L.P.
(formerly known as Varco, L.P.)

Plaintiff-Cross Appellant,

v.

PASON SYSTEMS USA CORP.,

Defendant-Appellant.

Appeals from the United States District Court for the District of Colorado in case no. 1:03-CV-02579, Senior Judge Richard P. Matsch.

ON MOTION

Before SCHALL, PROST, and MOORE, Circuit Judges.

PROST, Circuit Judge.

## O R D E R

National Oilwell Varco, L.P. (Varco) moves to dismiss 2009-1397, arguing that the United States District Court for the District of Colorado improperly directed entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Pason Systems USA Corp. (Pason) opposes.

Varco brought this patent infringement suit against Pason seeking compensatory damages and permanent injunctive relief. Pason's answer included, inter alia, both an affirmative defense and a counterclaim of unenforceability due to inequitable conduct. The district court bifurcated the inequitable conduct issues and held a jury trial on infringement and invalidity. After the trial, the jury rendered a verdict finding that the

patent was infringed and not invalid and that Varco was entitled to $14,000,000 in damages.

On April 30, 2009, the district court sua sponte entered an order issuing its final judgment on the infringement claims pursuant to Rule 54(b). Although the inequitable conduct defense had not been decided, the district court determined that there was no just reason to delay entry of final judgment. Varco now moves to dismiss that appeal.

Pursuant to Rule 54(b):

> When an action presents more than one claim for relief or when multiple parties are involved, the court may direct entry of a final judgment as to fewer than all claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however, designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

In order for Rule 54(b) to apply, the judgment must be final with respect to one or more claims. A judgment is not final for Rule 54(b) purposes unless it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1992). When a judgment is certified pursuant to Rule 54(b), an appellate court must review the finality of the judgment de novo to assure that it has jurisdiction. Id. at 437.

Here, it was improper for the district court to enter Rule 54(b) judgment because the inequitable conduct defense is pending. Thus, the patent infringement claim was not finally adjudicated. W.L. Gore v. Int'l Medical Prosthetics Research, 975 F.2d 858, 864 (Fed. Cir. 1992) (Rule 54(b) judgment must finally dispose of a claim).

Accordingly,

IT IS ORDERED THAT:

(1)     The motion to dismiss is granted.     Appeals 2009-1397, -1398 are dismissed.

(2)     All sides shall bear their own costs.

FOR THE COURT

SEP - 1 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:     Robert Bowick, Esq.
        Timothy G. Atkinson, Esq.

s19

ISSUED AS A MANDATE:     SEP - 1 2009 _____

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP - 1 2009

JAN HORBALY
CLERK

2009-1397, -1398                    3